Brinkerhoff, J.
This is a petition in error, filed here to reverse an order a.nd judgment of the district court of Gallia county, made at its April term, 1859, in an action which came into that court by appeal from the common pleas of that county, and in which the plaintiff in error was plaintiff, and the defendants in error were defendants.
The action below was commenced in February, 1858, and was an action for the recovery of real property, under the code of civil procedure.
The petition was as follows :
“ Gallia county, ss. Court of common pleas.
The First Presbyterian Society of the Township of Gallipolis, by Alexander P. Rogers, Joseph Jones, Cornelius Watson, Samuel J. Rogers, and Yictorine M. Firor, plaintiffs, against! *249 lohn R. Smithers, Daniel H. Goodno, Dennis S. Eord, John 'O. Neal, Francis Mathers and John Davis, defendants.
“ The said Alexander P. Rogers, etc., as trustees of the First Presbyterian Society of the township of Gallipolis, allege that they have a real estate in, and are entitled to the possession of,- the so called presbyterian church lot, with the church ■edifice thereon, the same being known as city lot numbered one hundred and nineteen (119) in the town of Gallipolis, in the said county of Gallia and state of Ohio, and that the said defendants wrongfully keep the said plaintiffs out of the possession of said premises, wherefore the said plaintiffs demand judgment against the said defendants for said premises and the recovery of the possession of the' same by the said plaintiffs.”
After the case was appealed to the district court, the defendants obtained leave to amend their answer which they had before filed in the common pleas, and thereupon filed in the •district court an amended answer, as follows :
“ Gallia county, ss. Court of common pleas.
“ Alexander P. Rogers, Joseph Jones, Cornelius Watson, Samuel J. Rogers and V. M. Firor, styling themselves trustees of the First Presbyterian Society of the township of Gallipolis, plaintiffs, against John R. Smithers, Daniel H. Goodno? Dennis S. Ford, John C. Neal and Francis Mathers, defendants.
“ And now come the said defendants, and, for answer to the petition of the said plaintiffs, say, that the said plaintiffs ought not to be permitted further to prosecute their said action against these defendants, because they say, that said plaintiffs, A. P. Rogers, J. Jones, C. Watson, S. J. Rogers and Y. M. Firor, are not trustees of said First Presbyterian Society of the township of Gallipolis, as they have in their said petition alleged; but the said defendants say that these defendants are the trustees of said First Presbyterian Society of the township of Gallipolis, duly elected and qualified, and as such are rightfully and lawfully in possession of said premises in said petition described, and therefore they say they do not wrongfully keep the said plaintiffs out of the possession of the same, and this the said defendants are ready to make appear.”
*250 Thus the pleadings stood in the district court, when the defendants filed in that court their motion to dismiss the action, for the following reasons :
“ 1. That these defendants alone are the legally elected and duly qualified trustees of said First Presbyterian Society of the township of Gallipolis, and as such, alone have lawful authority to control and manage the property of said .society, use its name, and represent its interests in courts of law, and are trustees de facto of said society.
“ 2. That said plaintiffs are not trustees of said society, nor members of the same; that they have no lawful authority to represent said society in this action, or use its name for any purpose,, nor have they any right .to the possession and control of said premises, etc. — all of which they are ready to make appear as the court may direct.”
At the April term, 1859, of the district court, this motion came on to be heard, supported by affidavits tending to prove the matters of fact set forth as the grounds of the motion.And thereupon, as appears from a bill of exceptions taken and forming a part of the record, the plaintiffs “ offered to prove, in answer to the said motion, and in support of their right and capacity, to institute and prosecute this action,” certain facts, which it would be tedious to enumerate, but which tended to prove that the plaintiffs were de jure trustees of said society. “ The hearing of all which evidence in support of the right to prosecute this action as aforesaid, the court overruled, rejecting the same; and proceeded thereupon to sustain the said motion of the said defendants, and to order this action to be dismissed, to which rulings and order of the court the plaintiff except,” etc.
And this ruling and order are here assigned for error.
From an inspection of the pleadings in this case, it is very evident that it is, in substance, a contest between one set of persons claiming to be the trustees of the First Presbyterian Society of Gallipolis, and another set of persons making a like claim, for the possession of the real estate belonging to that corporation. For, although the petition is entitled “ The First Presbyterian Society, etc., by Alexander P. *251 Rogers, etc. v. John R. Smithers, etc., yet it is the persons, by whom the corporation appears in the action, who allege that they, as trustees, are entitled to the possession of the premises, and have a real estate therein, who complain that they are wrongfully kept out of possession, and who demand a judgment which shall award the possession to them. They, in their alleged character as trustees of the corporation, are the real and substantial plaintiffs in the action; and there will be no impropriety in hereafter, for the sake of convenience, designating them as such.
To the petition the defendants answer, denying that the plaintiffs are the trustees of the corporation, and, as such, entitled to the possession of its real estate. Here is a distinct and clearly-defined issue between the parties; each claiming to be trustees of the corporation, and each claiming the possession of its real estate in virtue of their office as trustees.
We see no objection to such an issue being made up and tried in the ordinary way, in a case of this kind. The title to the possession of the real property in controversy was directly involved in the issue, and so was the right of the plaintiffs to sue.
But, in the trial of this issue, the proof would have to be confined to the question as to who were, and who were not, de facto, trustees of the corporation; for it seems to be settled that the title, as corporators, of persons claiming to be, not de facto, but de jure, members or officers of a corporation, can not be thus tried and determined in' a collateral proceeding; and that this can be done only in a direct proceeding by information in the nature of a quo warranto. Hullman v. Holcomp, 5 Ohio St. Rep. 237; First Parish in Sudbury v. Stearns, 21 Pick. 148; Trustees of Vernon v. Hills, 6 Cowen, 23. It follows, that if the issue here made were properly triable on a motion to dismiss the petition, there was no error committed by the court below in rejecting the testimony offered by the* plaintiffs to resist the motion to dismiss; for that offer embraced no evidence tending to show that the defendants were de facto, but only such as tended tc show that they were de jure, trustees.
*252 But was the matter thus put in issue by the pleadings properly triable in this way ? We think not. It is provided by section 87 of the code, that the defendant may demur to the petition, among other enumerated causes, for this, “'that the plaintiff has not legal capacity to sue; ” when the cause alleged appears upon the face of the petition. And it is provided by the 89th section, that “ when any of the defects enumerated in section 87 do not appear upon the face of the petition, the objection may be taken by answer.” Now, the fact alleged in the answer, to-wit, that the plaintiffs were not trustees of the corporation, goes directly to the plaintiffs’ legal capacity to sue in this case; the defendants had the right, as we think, under the above mentioned sections of the code, to make this issue by answer; and having made it, the plaintiffs could not be legally deprived of their right to have this issue passed upon by a jury; and the court, in assuming themselves to try, on motion, the very issue which had been made up by-the pleadings for trial by jury, if either chose so to try it, erred. It is true, the plaintiffs in this petition do not, in express terms, aver that they are, defacto, trustees of the corporation; but this is not material. The distinction between an officer de facto and an officer de jure, when arising collaterally, as in this case, is important as relating to matter of proof rather than to matter of allegation.
Judgment reversed, and cause remanded for further proceedings.
Scott, .C.J., and Sutliee, Peck and G-holson, JJ., concurred.